In re:                                                                    Case No. 19-04678-RNO
Stacey Phillip Glover                                                     Chapter 13
Lori Ann Glover
          Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-5          User: AutoDocke          Page 1 of 2                Date Rcvd: Jan 15, 2020
                             Form ID: pdf002          Total Noticed: 48

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 17, 2020.
```
db/jdb       Stacey Phillip Glover,   Lori Ann Glover,   2208 Creek Rd,   Kingsley, PA 18826-6614
5264616      Barclays Bank Delaware,   PO Box 8803,   Wilmington, DE 19899-8803
5264617      Brclysbankde,   125 S West St,   Wilmington, DE 19801-5014
5264618      Capl/dbarn,   PO Box 30258,   Salt Lake City, UT 84130-0258
5283072      Capital One, N.A.,   c/o Becket and Lee LLP,   PO Box 3001,   Malvern PA 19355-0701
5288648      Citibank, N.A.,   5800 S Corporate Pl,   Sioux Falls, SD 57108-5027
5264620      Citicards Cbna,   PO Box 6217,   Sioux Falls, SD 57117-6217
5264622      Comenitycb/myplacerwds,   PO Box 182120,   Columbus, OH 43218-2120
5271690      ++FORD MOTOR CREDIT COMPANY,   P O BOX 62180,   COLORADO SPRINGS CO 80962-2180
             (address filed with court:  Ford Motor Credit Company LLC,   Dept. 55953,   PO Box 55000,
             Detroit, MI.  48255-0953)
5264625      Ford Motor Credit Comp,   PO Box 542000,   Omaha, NE 68154-8000
5264613      Glover Lori Ann,   2208 Creek Rd,   Kingsley, PA 18826-6614
5264612      Glover Stacey Phillip,   2208 Creek Rd,   Kingsley, PA 18826-6614
5276214      +JPMorgan Chase Bank, N.A.,   s/b/m/t Chase Bank USA, N.A.,
             c/o National Bankruptcy Services, LLC,   P.O. Box 9013,   Addison, Texas 75001-9013
5264626      Jpmcb Card,   PO Box 15369,   Wilmington, DE 19850-5369
5264614      Law Offices of Jason P Provinzano LLC,   16 W Northampton St,   Wilkes Barre, PA 18701-1708
5269815      +M&T Bank,   P.O. Box 1508,   Buffalo, NY 14240-1508
5264631      M&T Bank Mortgage,   PO Box 900,   Millsboro, DE 19966-0900
5264632      MRS BPO, LLC,   1930 Olney Ave,   Cherry Hill, NJ 08003-2016
5286833      +Midland Funding LLC,   PO Box 2037,   Warren, MI 48090-2037
5264633      RAS LaVrar, LLC,   425 Commerce Dr Ste 150,   Fort Washington, PA 19034-2727
5264634      SoFi Lending Corp,   PO Box 734297,   Dallas, TX 75373-4297
5289860      +TD Auto Finance LLC,   s/o Schiller Knapp Lefkowitz,   & Hertzel LLP,   950 New Loudon Road,
             Latham New York 12110-2100
5264640      Td Auto Finance,   PO Box 9223,   Farmington, MI 48333-9223
5264641      Thd/Cbna,   PO Box 6497,   Sioux Falls, SD 57117-6497
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr           +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 15 2020 20:48:34
             PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5264615      E-mail/Text: bnc@alltran.com Jan 15 2020 20:43:55      Alltran Financial LP,   PO Box 722929,
             Houston, TX  77272-2929
5280070      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 15 2020 20:50:26
             Capital One Bank (USA), N.A.,   by American InfoSource as agent,   PO Box 71083,
             Charlotte, NC  28272-1083
5264619      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 15 2020 20:50:26
             Capital One Bank USA N,   PO Box 30281,   Salt Lake City, UT 84130-0281
5264621      E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jan 15 2020 20:44:24      Comenitybank/eddiebaur,
             PO Box 182789,   Columbus, OH  43218-2789
5264623      E-mail/PDF: creditonebknotifications@resurgent.com Jan 15 2020 20:48:29      Credit One Bank NA,
             PO Box 98872,   Las Vegas, NV  89193-8872
5264624      E-mail/Text: mrdiscen@discover.com Jan 15 2020 20:43:53      Discover Bank,   PO Box 30954,
             Salt Lake City, UT  84130-0954
5267326      +E-mail/Text: dplbk@discover.com Jan 15 2020 20:45:23      Discover Personal Loans,
             PO Box 30954,   Salt Lake City, UT 84130-0954
5288653      E-mail/Text: JCAP_BNC_Notices@jcap.com Jan 15 2020 20:45:05      Jefferson Capital Systems LLC,
             Po Box 7999,   Saint Cloud Mn 56302-9617
5264627      E-mail/Text: bncnotices@becket-lee.com Jan 15 2020 20:44:00      Kohls/capone,   PO Box 3115,
             Milwaukee, WI  53201-3115
5264628      E-mail/PDF: resurgentbknotifications@resurgent.com Jan 15 2020 20:48:43      LVNV Funding LLC,
             c/o Resurgent Capital Services, LP,   PO Box 10466,   Greenville, SC  29603-0466
5280390      E-mail/PDF: resurgentbknotifications@resurgent.com Jan 15 2020 20:48:43      LVNV Funding, LLC,
             Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5264629      E-mail/Text: camanagement@mtb.com Jan 15 2020 20:44:13      M & T Bank,   1 Fountain Plz Fl 4,
             Buffalo, NY  14203-1420
5288630      E-mail/Text: camanagement@mtb.com Jan 15 2020 20:44:13      M&T Bank,   PO Box 840,
             Buffalo, NY  14240
5264630      E-mail/Text: camanagement@mtb.com Jan 15 2020 20:44:13      M&T Bank,   PO Box 900,
             Millsboro, DE  19966-0900
5285844      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 15 2020 20:50:41
             Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
5287485      E-mail/Text: bnc-quantum@quantum3group.com Jan 15 2020 20:44:34
             Quantum3 Group LLC as agent for,   Comenity Bank,   PO Box 788,   Kirkland, WA  98083-0788
5287484      E-mail/Text: bnc-quantum@quantum3group.com Jan 15 2020 20:44:35
             Quantum3 Group LLC as agent for,   Comenity Capital Bank,   PO Box 788,
             Kirkland, WA  98083-0788
5264638      E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:48:12      Syncb/Sams Club,   PO Box 965005,
             Orlando, FL  32896-5005
5264639      E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:48:10      Syncb/Sams Club DC,
             PO Box 965005,   Orlando, FL  32896-5005
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5264635          E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:49:14       Syncb/jcp,    PO Box 965007,
                 Orlando, FL 32896-5007
5264636          E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:50:15       Syncb/lowes,    PO Box 956005,
                 Orlando, FL 32801
5264637          E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:48:10       Syncb/oldnavydc,    PO Box 965005,
                 Orlando, FL 32896-5005
5265941          +E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:48:10       Synchrony Bank,
                 c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                            TOTAL: 24

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5288695*         +Synchrony Bank,   c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk VA 23541-1021
                                                                             TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 17, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 15, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
              James Warmbrodt   on behalf of Creditor   M&T Bank bkgroup@kmllawgroup.com
              Jason Paul Provinzano   on behalf of Debtor 2 Lori Ann Glover MyLawyer@JPPLaw.com,
              G17727@notify.cincompass.com
              Jason Paul Provinzano   on behalf of Debtor 1 Stacey Phillip Glover MyLawyer@JPPLaw.com,
              G17727@notify.cincompass.com
              United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                                                TOTAL: 5
```

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Stacey Phillip Glover
Lori Ann Glover

CHAPTER 13

CASE NO.  5:19-bk-04678

_X_ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

_0_ Number of Motions to Avoid Liens
_0_ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | Included | X Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

      1. To date, the Debtor paid $____0.00____ (enter $0 if no payments have been
         made to the Trustee to date). Debtor shall pay to the Trustee for the remaining
         term of the plan the following payments. If applicable, in addition to monthly
         plan payments, Debtor shall make conduit payments through the Trustee as set
         forth below. The total base plan is $____$28,800.00____, plus other payments and
         property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/2019 | 10/2024 | $480.00 | $0.00 | $480.00 | $28,800.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $28,800.00 |

      2. If the plan provides for conduit mortgage payments, and the mortgagee notifies
         the Trustee that a different payment is due, the Trustee shall notify the Debtor
         and any attorney for the Debtor, in writing, to adjust the conduit payments and
         the plan funding. Debtor must pay all post-petition mortgage payments that
         come due before the initiation of conduit mortgage payments.

      3. Debtor shall ensure that any wage attachments are adjusted when necessary to
         conform to the terms of the plan.

      4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is
         checked, the rest of § 1.A.4 need not be completed or reproduced.*

                  ( X ) Debtor is over median income. Debtor estimates that a
                  minimum of $_____ must be paid to allowed
                  unsecured creditors in order to comply with the Means Test.

2

**B. Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  X    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

\_\_\_    Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

  X    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

\_\_\_    Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one.*

____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| 1) M&T Bank Mortgage | 2208 Creek Rd., Kingsley, PA 18826 |  |
| 2) M&T Bank | 2208 Creek Rd., Kingsley, PA 18826 |  |
| 3) TD Auto Finance | 2012 Dodge Ram 1500 |  |
| 4) Ford Motor Credit Corp | 2015 Ford Focus |  |
|  |  |  |

4

**C.** <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal**</u>
<u>**residence)**</u>*. Check one.*

  X    None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

____   The Trustee shall distribute to each creditor set forth below the amount of arrearages
       in the allowed claim. If post-petition arrears are not itemized in an allowed claim,
       they shall be paid in the amount stated below. Unless otherwise ordered, if relief
       from the automatic stay is granted as to any collateral listed in this section, all
       payments to the creditor as to that collateral shall cease, and the claim will no
       longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**D.** <u>**Other secured claims (conduit payments and claims for which a § 506 valuation is**</u>
<u>**not applicable, etc.)**</u>

  X    None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

____   The claims below are secured claims for which a § 506 valuation is not applicable,
       and can include: (1) claims that were either (a) incurred within 910 days of the
       petition date and secured by a purchase money security interest in a motor vehicle
       acquired for the personal use of the Debtor, or (b) incurred within 1 year of the
       petition date and secured by a purchase money security interest in any other thing of
       value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

  X   None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*
____ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

    **F.**   <u>**Surrender of Collateral.**</u> *Check one.*

  X      None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

        The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

    **G.**   <u>**Lien Avoidance.**</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

  X      None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

____ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $___0.00___ already paid by the Debtor, the amount of $_4,000.00___ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ____ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

**B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

 X  None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

## 4. UNSECURED CLAIMS

**A.** <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

  X   None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

  ___   To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

**B.** Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

  X   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

  ___   The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

10

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

  X  plan  confirmation.
___ entry of discharge.
___ closing of case.

**7. DISCHARGE: (Check one)**

( X ) The debtor will seek a discharge pursuant to § 1328(a).
(   ) The debtor is not eligible for a discharge because the debtor has previously received a
        discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,
the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____

Level 2: _____

Level 3: _____

Level 4: _____

Level 5: _____

Level 6: _____

Level 7: _____

Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: _10/22/2019_      _/s/ Jason P. Provinzano, Esquire_
Attorney for Debtor

_/s/ Stacey Phillip Glover_
Debtor

_/s/ Lori Ann Glover_
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12